IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT EDWARD ALEWINE, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-08-218 |
| | § | |
| WARDEN DAN JOSLIN | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Robert Edward Alewine, Jr. is a federal inmate currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On July 2, 2008, he filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (D.E. 1). On October 3, 2008, respondent moved for summary judgment. (D.E. 13). On November 28, 2008, petitioner filed a response in opposition. (D.E. 16). For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted.

**I. JURISDICTION**

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

**A.    Petitioner's Federal And State Convictions And Sentences.**

On June 21, 2003, petitioner was arrested by the State of Utah on several state charges, including possession with intent to distribute a controlled substance, possession of a dangerous weapon by a restricted person, and possession of drug paraphernalia.  (D.E. 13, at 30).  On July 9, 2003, the United States District Court for the District of Utah indicted him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3); and possession of methamphetamine, in violation of 18 U.S.C. § 844, in Case Number 2:03-CR-550.  Id. at 19.  On August 13, 2003, the Utah federal court issued a writ of habeas corpus ad prosequendum to secure petitioner's presence for an arraignment on August 25, 2003, and for final disposition at a later date.  (D.E. 2, at 10).

On November 12, 2003, defendant pleaded guilty in federal court to being a felon in possession of a firearm.  Id. at 11.  The other two counts were dismissed.  Id.  On March 5, 2004, he was sentenced to 95 months in federal prison, to be followed by 36 months of supervised release.  Id.

Petitioner was returned to state custody following his federal trial and sentencing.  (D.E. 13, at 33).  On March 22, 2004, he pled guilty to state charges of

aggravated assault and burglary. Id. at 16-17. He was also found guilty of violation of a protective order. Id. at 18. He was sentenced to one to fifteen years in state prison on the aggravated assault and burglary charges, and 365 days in jail on the violation of protective order charge, with credit for time served. Id. at 41-42. On April 12, 2005, petitioner was released from state custody into the custody of the United States Marshals Service for service of the federal sentence. Id. at 33. The Bureau of Prisons ("BOP") commenced his federal sentence as of April 12, 2005. Id. at 13.

In response to petitioner's request for credit toward his federal sentence for time spent in state custody, the BOP initiated a review pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). (D.E. 13, at 13, 52). Thus, the BOP treated petitioner's request as a request for nunc pro tunc designation. Id at 52. On October 30, 2006, the BOP contacted the District Court for the District of Utah to ascertain the court's position regarding a retroactive designation in petitioner's case. Id. at 54-55. The court responded that a retroactive designation should be made for four months of the sentence. Id. at 57. Accordingly, the BOP designated the Utah Department of Corrections for service of the federal sentence, effective December 27, 2004. Id. at 59. Petitioner's projected release date is December 22, 2011, via good conduct time release. Id. at 66.

**B.     Petitioner's Claim.**

Petitioner argues that because he was sentenced in federal court before he was sentenced in state court, federal authorities had primary custody of him; therefore, his federal sentence ought to run concurrently with his state sentence. (D.E. 2, at 4).  He claims that because the state dismissed the charges for which he was arrested on June 21, 2003 – the same charges for which he was sentenced in federal court – the state relinquished its primary jurisdiction, despite the outstanding charges on which he was sentenced in state court on March 22, 2004. Id.  He therefore claims that all of his time in state prison should be credited against his federal sentence, rather than merely the time from December 27, 2004 through April 12, 2005 with which he is currently credited.  Id.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted).  The record indicates, and respondent concedes, that petitioner has exhausted his administrative remedies.  (D.E. 12, at 2).

## IV.  DISCUSSION

### A.  Summary Judgment Standard of Review.

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.    Petitioner's Claims Lack Merit.**

Petitioner argues that he is entitled to credit against his federal sentence for time he spent serving a state sentence on unrelated charges. (D.E. 16). He claims that the federal government had primary jurisdiction over his case, and that the state sentence should therefore be credited against his federal sentence. (D.E. 16, at 2). He also claims that because the state judge intended his sentence to run concurrently with his federal sentence, he is entitled to credit for time served on the state sentence. (D.E. 2, at 3). Finally, he asserts that the fact that the BOP has retroactively designated the Utah Department of Corrections for service of four months of his federal sentence indicates that the BOP is aware that it has made an error in calculating his sentence. Id. at 5.

### 1. The State of Utah retained primary jurisdiction.

Petitioner first asserts that the federal government had primary jurisdiction over his case, and that, therefore, he is entitled to credit for time spent serving his state sentence. (D.E. 16, at 2). However, he was first arrested on June 21, 2003, for several state charges. (D.E. 13, at 30). On July 9, 2003, petitioner was indicted for three federal offenses. Id. at 19. On August 13, 2003, the Utah federal court issued a writ of habeas corpus ad prosequendum to secure his presence for an arraignment on August 25, 2003, and for final disposition at a later date. (D.E. 2, at 10).

A prisoner detained pursuant to writ of habeas corpus ad prosequendum is considered to remain in the primary jurisdiction of the first sovereign unless and until it relinquishes jurisdiction over the person. Jake v. Herschberger, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). The receiving sovereign – in this case, the federal government – is therefore considered to be merely "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id. (citation omitted); accord United States v. Londono, 285 F.3d 348, 356 (5th Cir. 2002) (per curiam); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (citation omitted). No transfer of primary jurisdiction may take

7

place unless state authorities relinquish jurisdiction over the prisoner. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citations omitted); see also Blackshear v. United States, 434 F.2d 58, 59 (5th Cir. 1970) (per curiam) (petitioner "could not be received by the federal authorities for service of his federal sentence until he was released by the [state] authorities"). It is clear that a writ of habeas ad prosequendum alone does not suffice to grant the receiving sovereign primary jurisdiction over the prisoner; therefore, to the extent that petitioner argues that the United States obtained primary jurisdiction when he was placed in the custody of federal officials pursuant to such a writ, it is respectfully recommended that his claim is without merit.

Petitioner further asserts, however, that even if the State of Utah had primary jurisdiction over him, it relinquished that jurisdiction when it dismissed the charges against him. (D.E. 16, at 2). Because Utah first arrested and imprisoned petitioner, it "could not without its consent be deprived of his custody until through with him." Zerbst v. McPike, 97 F.2d 253, 254 (5th Cir. 1938) (citations omitted); see also Causey, 621 F.2d at 693 (rule in Zerbst applies even before state obtains conviction and sentence). A sovereign having primary jurisdiction over an offender may relinquish that jurisdiction through release on bail, dismissal of the state charges, release on parole, or expiration of the sentence imposed by the sovereign. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) (citation

omitted).  Thus, petitioner claims, if Utah had primary jurisdiction, that jurisdiction was relinquished when it dismissed the state charges against him.

Petitioner is correct in asserting that Utah dismissed the charges for which he was originally arrested on June 21, 2003.  See (D.E. 2, at 25-29) (motion and order for dismissal).  Those charges were dismissed on August 28, 2003.  Id.  However, when those charges were dismissed, state charges against petitioner for aggravated burglary, aggravated assault, criminal mischief, and violation of a protective order, among others, were still pending against petitioner.  See (D.E. 13, at 28) (federal presentence report).  He was sentenced on these charges on March 22, 2004.  (D.E. 2, at 16-18) (state judgment and sentence).  Therefore, when the United States took custody of petitioner pursuant to the writ of habeas corpus ad prosequendum, petitioner was still in state custody.  Utah first arrested and took custody of petitioner for both sets of charges, and it retained primary jurisdiction over petitioner until it was finished with him.  Accordingly, it is respectfully recommended that petitioner's claim that Utah relinquished primary jurisdiction over him when it dismissed one set of state charges is without merit.

Alternatively, even if Utah relinquished primary jurisdiction to the United States by dismissing the charges, the United States waived primary jurisdiction when it allowed Utah to incarcerate its prisoner without protest.  Primary jurisdiction may be relinquished when one sovereign permits another to incarcerate

its prisoner without challenge. Thomas v. Whalen, 962 F.2d 358, 362 n.7 (4th Cir. 1992) (citations omitted). When a prisoner is sentenced in a federal court with primary jurisdiction, then released to stand trial on state charges, the United States yields primary jurisdiction when it allows the state to imprison the offender without challenging its jurisdiction. See Roche v. Sizer, 675 F.2d 507, 509-510 (2d Cir. 1982) (discussing Zeldes v. United States, Civil No. B-79-257 (D. Conn. Apr. 15, 1980) (unpublished)).

The United States did not challenge Utah's jurisdiction over petitioner. Indeed, the United States returned him to state custody after he was sentenced. (D.E. 13, at 33) (prisoner tracking sheet). This is evidence of the BOP's intent to voluntarily cede primary jurisdiction to Utah. Moreover, there was no error in the district court's decision to return the petitioner to state custody after the completion of federal proceedings. See Londono, 285 F.3d at 356. Therefore, it is respectfully recommended that, if it ever obtained primary jurisdiction, the United States subsequently relinquished it voluntarily. Accordingly, it is respectfully recommended that petitioner's claim that his federal sentence commenced when he began serving his state sentence is without merit.

**2.     A state court's sentencing order is not binding on the BOP.**

Petitioner further argues that because the state court intended that his state sentence run concurrently with his federal sentence, he is entitled to credit against

his federal sentence for time served on his state sentence. (D.E. 2, at 3). "It is well-settled that the state court's intent is not binding, so the state court's action raises the defendant's expectations, but does not resolve the issue." Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007) (citations omitted). Thus, "[a] prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, 'compel the federal government to grant a concurrent sentence.'" Jake, 173 F.3d at 1065 (citations omitted).

It is clear that regardless of what the Utah state court may have intended in imposing petitioner's sentence, it had no authority to bind the federal court to impose a concurrent sentence. Accordingly, it is respectfully recommended that this claim is without merit.

### 3. The BOP has acted lawfully in executing petitioner's sentence.

The BOP's execution of petitioner's sentence is not otherwise unlawful. The BOP is not permitted to credit petitioner with time served in state prison, or in federal custody awaiting sentencing, because that time has been credited against his state sentence. 18 U.S.C. § 3585(b); see also (D.E. 2, at 16-17) (state judgment and commitment showing credit for time served). To the extent that petitioner claims entitlement to a nunc pro tunc designation that would have effectively rendered his sentences concurrent, the BOP did not abuse its discretion in declining

to grant his request. See Wooderts v. Warden, Fed. Corr. Inst. Seagoville, 204 Fed. Appx. 390, 391 (5th Cir. 2006) (per curiam) (unpublished) (no abuse of discretion where district court expressed intent to BOP that petitioner's sentence run concurrent to state sentence).

Furthermore, the BOP correctly interpreted the district court's sentence to run consecutively to petitioner's then-unannounced state sentence where the federal judgment was silent. (D.E. 13, at 35) (federal judgment and sentence); see also Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (state sentence ran consecutive to subsequently imposed federal sentence where federal judge did not specify); Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000) ("§ 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General ... rather than the federal judge"). In the Fifth Circuit, federal courts may legally require an offender to serve a federal sentence consecutively to an as-yet unimposed state sentence. United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991) (per curiam), overruled on other grounds by United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006); see also United States v. Williams, 46 F.3d 57, 58-59 (10th Cir. 1995).

When petitioner complained that he was not being properly credited for time

served on his state sentence, the BOP properly conducted a review to determine whether the state facility should be designated nunc pro tunc for service of the federal sentence. See Barden, 921 F.2d at 481 (the BOP "must at least consider his case in accord with the broad statutory authority it has to make such *nunc pro tunc* designations"). "[S]uch a designation 'shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system.'" Fegans, 506 F.3d at 1104-05 (citation omitted).

    Accordingly, in determining whether to make the nunc pro tunc designation, the BOP appropriately contacted the federal sentencing court to determine its intent with regard to whether petitioner's federal sentence should run concurrently with his state sentence. (D.E. 13, at 54) (letter to sentencing court). The court responded that a concurrent designation should be made for four months of petitioner's federal sentence. Id. at 57 (court's response). The BOP therefore designated the Utah Department of Corrections for service of petitioner's sentence effective December 27, 2004, thereby effectively crediting him with the time spent in state custody from December 27, 2004 to April 12, 2005, when he was released into the custody of federal authorities. (D.E. 13, at 59) (letter of designation).

    The BOP's finding that petitioner was entitled to only four months of credit toward his federal sentence on the basis of the federal sentencing court's intent is

entitled to substantial deference. <u>Fegans</u>, 506 F.3d at 1105 (citation omitted). Petitioner has provided no evidence that the BOP abused its discretion in making this determination, and respondent has provided evidence of the federal court's intent. (D.E. 13, at 57). Accordingly, it is respectfully recommended that the BOP has lawfully executed petitioner's sentence.

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 13), be granted, and that the petition, (D.E. 1), be dismissed as without merit.

Respectfully submitted this 15th day of December 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).